[No. 2839-1.    Division One.    January 5, 1976.]

FRYE INVESTMENT COMPANY, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.

*Franklin & Watkins, Boyd, Decker, Hanson & Zwink, Inc., P.S.*, and *Roger L. Decker*, for appellant.

*John P. Harris, Corporation Counsel*, and *J. Roger Nowell, Assistant*, for respondent.

WILLIAMS, C.J.—This case is here to review a summary judgment dismissing a complaint of Frye Investment Company, a corporation, that the City of Seattle did not comply

with the environmental protection act before improving one of its streets. We affirm.

The facts are these: Because of the construction of the King County domed stadium, the City, in 1973, proposed to improve South Connecticut Street which forms the south boundary of the stadium site. Theretofore, the street, a 100-foot right-of-way, had been partially surfaced and used almost exclusively for heavy truck traffic, with several loading docks, ramps and stairways serving abutting property. This use was allowed within the right-of-way by 30-day revocable street use permits.

Pursuant to RCW 43.21C, the City issued a final environmental statement reciting that the street improvement was essential to the circulation of stadium traffic. Under the heading, "Probable Adverse Effects Which Cannot Be Avoided," it was said that "there will be some unavoidable impact on the access to the abutting properties, especially those properties that have loading and unloading facilities located within the right-of-way," and "properties that abut the project will experience an increase in noise and air pollution due to the implementation of this project and their proximity to the arterial roadway."

Frye Investment Company is one of the abutting property owners and complains the statement is inadequate because it (Frye) "will sustain substantial damage if the work as planned and programmed is accomplished. That [Frye] will thereby be prevented from continuing with its industrial use of its property."

The determination of the adequacy of an environmental impact statement is one of law, *Leschi Improvement Council v. State Highway Comm'n*, 84 Wn.2d 271, 525 P.2d 774 (1974), but

> In any action involving an attack on a determination by a governmental agency relative to the requirement or the absence of the requirement, or the adequacy of a "detailed statement", the decision of the governmental agency shall be accorded substantial weight.

RCW 43.21C.090. Once the statement has been deemed ade-

quate the administrative decision to proceed with the project must be within the proper exercise of the authority of the agency and not arbitrary and capricious. *State v. Brannan*, 85 Wn.2d 64, 530 P.2d 322 (1975); *Narrowsview Preservation Ass'n v. Tacoma*, 84 Wn.2d 416, 526 P.2d 897 (1974).

It seems that Frye's concern is limited to the impact of the South Connecticut Street improvement upon the use of the street for its trucking business. Both in the maps and the text, the statement clearly points up this change in use as well as possible adverse effects and the available alternatives. The City has power to improve streets and control their use, RCW 35.22.280(7); the proposal for South Connecticut Street was made by the appropriate city officials with full knowledge, derived from the statement, of the impact on the environment, the choices available, and the adverse effects upon the current users. The statement is adequate.

The City has urged that an environmental impact statement is not required because the impact upon South Connecticut Street was created by the stadium and included in the stadium impact statement. There is insufficient information in the record to decide the case on that ground.

Affirmed.

FARRIS and JAMES, JJ., concur.